## SANDERS v COHEN

Ohio Appeals, 8th Dist, Cuyahoga Co

No. 9509. Decided Dec 10, 1928

Lyons and Roseboro, Cleveland, for Sanders.

David A. Thomas, Cleveland, for Cohen.

**VICKERY, J**

Now it is important to keep this in mind for what is claimed subsequently that the omission to deny specifically this interlineation was an admission of the truth of the allegation, under the rules adopted by the Municipal Court. In other words, that this interlineation not being specifically denied, stood as an admission by the defendant that he had custody and control of the awning and the board upon it, and then from this it was argued that the doctrine of res ipsa loquitor applied, and it developed upon the defendant to explain away the situation and to show that he had no responsibility therefor, for it appears that upon the plaintiff resting his

case, upon motion, a verdict was directed against the plaintiff, for the reason that there was no evidence to show that the defendant had control or custody of the board which caused the injury, or that the defendant knew, or by the exercise of reasonable care ought to have known that the board was upon the awning.

Now if we understand rightly, that is the claim of the plaintiff in error, that the court was wrong in directing a verdict. The claim of the defendant in error and the defendant below was that there was no evidence to show that the defendant had any knowledge or notice of the location of this board on this awning, nor was it part of the awning. So far as it appeared, it might have fallen immediately before from an upper story in that building, it being a four story building, or it might have been blown there from across the street, and it not being an intregal part of the awning itself, the doctrine of res ipsa loquitor could not apply, and it would be incumbent upon the plaintiff to show that the board was there, placed there, either by the defendant below, or was there with his knowledge and in such a position that it would be dangerous to the passer-by, long enough so that in the exercise of ordinary care, he might have removed it.

We think from the statement of this case and the facts as we got them this would be a correct application of the law. In other words, this board not being an integral part of the awning, not being placed there by the defendant, the mere falling of it would not raise a presumption of negligence. It developed upon the plaintiff to prove that, and there being no evidence in the record to show this, we do not think the court committed any error when he directed a verdict because of failure of the proof. We do not think that an interlineation in a pleading of this kind necessarily calls for a specific denial, for it might be covered by the specific denial already in the answer. As a matter of fact this interlineation did not raise any new issue in this case and, therefore, there was nothing before the court which would show the responsibility of the defendant for this board being there, nor for the injury resulting from its falling, if it did fall.

There being no error in the action of the court, the judgment will be affirmed.

Sullivan, P J, and Levine, J, concur.